■ DAVID WILLIAMS, an Infant, by his Mother and Natural Guardian, CHRISTINA WILLIAMS, et al., Appellants, et al., Plaintiffs, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered October 28, 1976, is unanimously modified, on the facts and in the exercise of discretion, as to the cause of action of plaintiff-appellant Williams to grant to him, as alternative to the new trial on the issue of damages only therein directed, the opportunity to stipulate to accept a reduction in the verdict to $75,000, and an amended judgment in accordance therewith, in which event the amended judgment will be affirmed, without costs and without disbursements as to that cause. The same judgment is further modified on the facts and in the exercise of discretion as to the cause of action of plaintiff-appellant Annie Nelson as to the alternative therein provided to a new trial on the issue of damages only by increase of the sum that plaintiff-appellant may stipulate to accept in lieu of a new trial from $1,000 to $1,500. The judgment is further modified on the facts and in the exercise of discretion by extension of the period within which any plaintiff-appellant may elect to receive a certain sum in lieu of a new trial in any of

the causes therein embraced to 20 days after service of a copy of the order entered hereon. To the extent appealed from, the judgment is otherwise affirmed, all without costs or disbursements. The appeal from the order deciding several posttrial motions is dismissed, without costs; that order was superseded by the judgment and reviewed as part of this appeal. Trial of an action charging false arrest and assault by police officers against several young men resulted in verdicts for personal injuries in favor of three of them for the resultant injuries, and in favor of them and a fourth on causes charging false arrest. Two of the mothers whose sons won verdicts for their injuries were awarded compensation for loss of services. There are two sets of appeals by plaintiffs-appellants, based upon posttrial reductions to verdicts by the Trial Justice. Defendant-respondent city did not cross-appeal. Plaintiff-appellant Williams did not appear at the trial and was not seen by the Trial Justice until after discharge of the jury. Since he then showed no signs of the limp which, it was projected by expert evidence, he was expected to have for years to come, the Trial Justice caused him to be examined by an impartial medical expert, in the face of whose report it was apparent that the young man's condition was not as bad as thought. Viewing the situation as one of newly discovered evidence, the court set aside Williams' verdict of $100,000 and directed a new trial on the issue of damages only. In our view, this was a proper disposition. Appeal is taken from this disposition. However, since in all the circumstances it does appear that, in the light of the new evidence as to young Williams' present and future condition, the verdict is obviously excessive, we exercise discretion in the interest of judicial economy to give him the option of terminating the proceedings by acceptance of a lesser sum. If, however, he regards the sum we have set as inadequate, it will be his right to try out the damage issue anew. He also appeals from the award of $1,000 for false arrest, which we consider adequate. Nelson was awarded $60,000 by the jury. Since he appeared to have made an excellent and comparatively speedy recovery from his injuries, we believe the Trial Justice to have been correct in setting aside that part of the verdict as excessive, directing a new trial, and giving Nelson the option of accepting a lesser sum. His $1,000 award for false arrest we deem adequate and it will not be disturbed. Nelson's mother received a verdict of $6,000 for loss of her son's services. The evidence did not justify this award, and we regard it as excessive but only to the extent we have indicated; thus increasing the amount to which she may stipulate. Concur—Birns, J. P., Evans, Lane and Markewich, JJ.